ELSIE B. NICHOLSON, PROSECUTRIX, v. BOARD OF EDUCATION OF THE DISTRICT OF SWEDESBORO ET AL.

Submitted May 18, 1912—Decided May 21, 1912.

The supervising principal of a school district tendered to the district board of education her resignation to take effect at a date after April 1st, 1911. On March 31st, 1911, the board decided not to accept the resignation and so notified the incumbent on April 1st, 1911. On April 3d, 1911, the board (whose personnel changed on April 1st) summarily and without notice to the party affected accepted the resignation. *Held,* that such action was invalid (*a*) because the acceptance of the resignation was not pending on April 3d, 1911; (*b*) because no notice or opportunity to be heard was afforded the party affected by the summary action.

On *certiorari.*

Before Justice GARRISON.

For the prosecutrix, *David O. Watkins.*

For the defendants, *Davis & Davis* and *Frank S. Katzenbach, Jr.*

The opinion of the court was delivered by

GARRISON, J. By this *certiorari* Elsie B. Nicholson challenges the validity of the action taken on April 3d, 1911, by the board of education of Swedesboro accepting her resignation as supervising principal. This action, which was taken at the first meeting of the new board, was based upon a communication that had been sent to the old board and acted upon by it, the new board differing from the old in that three old members went out and three new ones came in on April 1st, 1911.

The action complained of started at the first meeting of the new board on April 3d, 1911, with the reading of the minutes of the last meeting of the old board held on March 31st, 1911, by which it appeared that "it was regularly moved and seconded that the Supervising Principal's resignation, which was laid over at a meeting held on February 8th, be accepted. After careful discussion the President ordered votes cast, the board going on record as follows (5 no; 4 yes). The motion being lost the President declared the Supervising Principal's resignation not accepted."

The minutes which contained the foregoing were "approved except motion as to Supervising Principal's resignation" with respect to which "it was then regularly moved and seconded that the Supervising Principal's resignation be accepted, which was unanimously carried and the President ordered the Supervising Principal's resignation accepted."

The resignation on which this action of the new board was based, and to which the rejected minute of the old board referred, was as follows:

"SWEDESBORO, N. J., February 8, 1911.

*"To the Board of Education of the District of the Borough of Swedesboro, Swedesboro, N. J.:*

"GENTLEMEN—I hereby tender my resignation as Supervising Principal of Schools, in the district of the Borough of Swedesboro, to take effect when the work of the present school year will have been completed. To those members of the

Board who have aided me in the discharge of my duties as Supervising Principal I am most grateful. Wishing you success in all your undertakings of the future, I am,

"Very truly yours,
"(Signed)     ELSIE B. NICHOLSON."

The action taken upon this communication by the old board on March 31st, 1911, was officially communicated to the supervising principal by the clerk, as follows:

"SWEDESBORO, N. J., April 1st, 1911.

*"Miss Elsie B. Nicholson, Salem, N. J.:*

"DEAR MADAM—At a regular meeting held March 31st, the Board, after carefully considering your resignation, decided not to accept it.

"Very respectfully,
"(Signed)     C. S. CRISPIN.     (Seal)
*"District Clerk."*

The action of the new board on April 3d, 1911, was officially communicated to the prosecutrix, as follows:

"SWEDESBORO, N. J., April 4, 1911.

*"Miss Elsie B. Nicholson, Salem, N. J.:*

"DEAR MADAM—At a regular meeting held April 3rd your resignation previously rejected was accepted.

"Very respectfully,
"(Signed)     C. S. CRISPIN,
*"District Clerk.*     (Seal)"

Upon receipt of this notice prosecutrix being advised by and acting through her counsel notified the board that its action was illegal, and that she would continue her said office which she did without further communication from the board until August 31st, 1911, when the following was received:

"THE BOARD OF EDUCATION OF THE SCHOOL
DISTRICT OF THE BOROUGH OF SWEDESBORO.

"SWEDESBORO, N. J., August 31, 1911.

*"Miss Elsie B. Nicholson, Salem, N. J.:*

"DEAR MADAM—In accordance with our notice to you of the third day of April, A. D. 1911, you are hereby again notified that your resignation as Supervising Principal of the Schools in the district of the Borough of Swedesboro was regularly and duly accepted by the Board of Education of the District of the Borough of Swedesboro on the third day of April, A. D. 1911.

"You are therefore no longer in the employ of or under contract with said Board as Supervising Principal or otherwise.

"Done by order of the Board of Education of the District of the Borough of Swedesboro.

"Yours truly,
"(Signed)  C. S. CRISPIN,
*"Clerk of the Board."*

Later, the following was also received:

"THE BOARD OF EDUCATION OF THE SCHOOL
DISTRICT OF THE BOROUGH OF SWEDESBORO.

"SWEDESBORO, N. J., Sept. 18, 1911.

*"Miss Elsie B. Nicholson, Salem, N. J.:*

"MADAM—You are hereby again notified that you are not under contract with, nor in the employ of the school board of the District of the Borough of Swedesboro, your resignation having been duly and properly accepted by the said Board. You will, therefore, please not trespass upon the said school property, and, if you persist in so doing, it will be necessary for the Board to take proper action to prevent such trespass.

"Done by order of the School Board of the District of the Borough of Swedesboro.

"Very respectfully,

"(Signed)    C. S. CRISPIN,
"*District Clerk.*"

These excerpts from the testimony which show the action of the defendant of which the prosecutrix complains and the effect ascribed to its action by the defendant present the question in controversy which is whether or not on April 3d, 1911, there was pending before the board of education a resignation by the prosecutrix of her office of supervising principal that required nothing but its acceptance by the board to constitute a concurrence of the two parties to the voluntary relinquishment of her office by the incumbent, which is both the legal and the ordinary meaning of a resignation.

If the resignation was pending before the board on April 3d, 1911, it was because it was placed before them either by the prosecutrix herself or by someone acting in her behalf either in fact or by imputation of law.

The language in which the prosecutrix tendered her resignation, the date at which she tendered it, the action taken by the board thereon and the communication of that action to the prosecutrix on April 1st, 1911, being fixed facts, the only remaining question of fact is whether she or anyone acting for her placed her resignation again before the board after she had been notified of its decision not to accept it. As there is no claim made that this was done, the proper inference to be drawn from the incontroverted facts is that the resignation of the prosecutrix was not as matter of fact before the new board on April 3d, 1911.

The defendant, however, contends that, nevertheless, the resignation was as matter of law before the board on that date, relying for this conclusion upon the difference between a continuous and a not continuous body pointed out in *State* v. *Rogers,* 27 *Vroom* 480, and in *Gulnac* v. *Freeholders of Bergen,* 45 *Id.* 543.

The argument is that inasmuch as the old board could not have filled the vacancy that would have resulted from the acceptance of the proffered resignation, it was without power to decline to accept it, and hence, in legal contemplation, did not so decide, but, in legal effect, transmitted it to the new board; in fine, that the legal effect of what happened was exactly the opposite of what actually happened—which leads one to remark that it is most unfortunate when the conduct of people who have acted upon their ordinary understanding of what they are doing is given a totally different meaning by force of technical legal rules of which they never heard or dreamed.

I shall not discuss, still less pass, upon the several important legal propositions included in this argument, for the reason that conceding the ultimate doctrine for which counsel contends and applying it impartially to the case in hand it strengthens rather than weakens the conclusion that the prosecutrix's resignation was not before the board on April 3d, either by her own act or by that of her agent, in fact, or by the legal imputation suggested.

The ultimate doctrine for which the defendant contends as stated in the carefully prepared brief of counsel (the case being presented on written briefs) is as follows: "The old board, to which the resignation was presented, served only as a messenger or conduit pipe to convey the resignation to the board of education of the district of Swedesboro which was organized on the first Monday of April, 1911."

If this be so, and if this legal rule is to be applied to the present case, regardless of what the parties actually did and intended to do, it follows that the only purpose for which the old board could accept the prosecutrix's resignation, was for the purpose of acting as such messenger or conduit from which it imperatively follows that the board decided not to accept the resignation for this purpose, and hence its notification to the prosecutrix that her resignation was not accepted was a declaration to her that it would not be transmitted to the new board through the old board acting as her messenger.

Whether the board was right or wrong in this decision is of no consequence upon the question we are considering, for

Miss Nicholson clearly did not herself lay her resignation before the new board, and it is equally clear that the agent imputed to her by the legal rule contended for by the defendant declined according to such rule to accept the special agency, and hence did not act as her agent even by imputation.

Of course, if we regard what the old board actually did and intended to do by its decision, not to accept the resignation, the case presented is that of a *quasi*-judicial determination which rendered the resignation *functus* after the expiration of the body that had thus acted upon it.

So, that whether we regard the case as one of fact, as the parties themselves understood it, or whether we regard it under the technical legal rule advanced by the defendant equally, and in either case there was no presentation of a resignation to the new board by the acceptance of which the office in question became legally vacant.

It is perhaps needless to add that with Miss Nicholson's willingness to submit her resignation to the board as constituted at the time she tendered it, and her unwillingness to have it passed upon by the board as constituted at a subsequent period, we have nothing whatsoever to do, although her motive may be surmised from the outcome. The *status* of the resignation after it had been adversely acted upon by the outgoing board is the sole matter of present legal concern.

If I thought that I was wrong in the foregoing conclusion as to such *status,* both on the facts and the law, I should still consider the action under review to be invalid as an exercise of a *quasi*-judicial function without notice to the party affected or an opportunity to be heard. The board was charged with knowledge of its own minutes and of the official acts of its officers; the question, therefore, whether, notwithstanding these acts, the prosecutrix was still tendering her voluntary retirement from office for acceptance was to say the least an open question that lay at the foundation of the jurisdiction of the board in the premises; the common fairness that enters into the judicial rule upon this subject therefore required that before deciding that question the party affected should have had notice that such a question touching her rights was

under consideration and should have been accorded an opportunity to be heard in her own behalf.

I entertain no doubt as to the right of the prosecutrix to prosecute this writ, notwithstanding the adjudication of the domestic tribunals erected under the School law whose judgments are reversed by the judgment of this court vacating and setting aside the action of the board of education brought up by this writ. Such a judgment may be entered, with costs.